## Richmond

NATHANIEL PATTERSON v. COMMONWEALTH OF VIRGINIA.

April 28, 1975.

Record No. 740508.

Present, All the Justices.

*C. Thomas Mustian; John Dirffie Tyler (Edward E. Lane &
Assoc., Inc.,* on brief), for plaintiff in error.

*James E. Kulp, Assistant Attorney General (Andrew P.
Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The defendant, Nathaniel Patterson, was indicted for and
convicted of breaking and entering in the nighttime the dwell-
ing house of Wilhelmina Horton with intent to commit rape.
Punishment was fixed at 15 years in the penitentiary. The sole
question on appeal is whether the evidence was sufficient to
establish the requisite intent to commit rape.

The evidence shows that on a rainy night in July, 1973, the
defendant unlawfully entered the Horton residence, in the City
of Richmond, through a bathroom window. When Mrs. Horton,
who was with her son in another room watching television,
heard a noise, she went to her bathroom to investigate. She
turned on the bathroom light and, through the half-open shower
door, saw a "dripping" towel hanging from the "shower bar."
Noticing a shadow behind the shower door, she opened the door
and saw the defendant standing in the bathtub, with his arms
folded. Because she was wearing only a gown, she "backed off."

She asked the defendant what he was doing in her house. He put his hand to his mouth "as if to tell [her] to be quiet" and "reached out at" her. She screamed and said, "You better get out of here." The defendant then "sorta ran, as if to say he knew" Mrs. Horton was alone in the house. She screamed again, and her son, in coming to her rescue, "ran into the television." Upon hearing the resulting noise, the defendant "went back out the bathroom window." Mrs. Horton recognized the defendant as the same person who had "trailed" her home several weeks before the burglary occurred.

It is elementary that where, as here, an indictment charges an offense which consists of an act combined with a particular intent, proof of the intent is essential to conviction. *Dixon* v. *Commonwealth*, 197 Va. 380, 382, 89 S.E.2d 344, 345 (1955). Because direct proof is often impossible in this type case, intent may be shown by circumstantial evidence. Existence of the intent, however, cannot be based upon surmise or speculation. *Taylor* v. *Commonwealth*, 207 Va. 326, 334, 150 S.E.2d 135, 141 (1966).

Here, a trier of fact could find an intent to rape only by resorting to surmise and speculation. Neither a spoken word of the defendant nor any other action on his part justifies the inference that he harbored the intent to ravish Mrs. Horton. So far as the evidence shows, the defendant's intent might just as well have been to commit larceny or any of a number of offenses other than rape.

Accordingly, we hold that the evidence was insufficient to convict the defendant of the offense with which he was charged. The judgment of the trial court, therefore, will be reversed and the case remanded for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*