COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Senior Judge Coleman
Argued at Chesapeake, Virginia


GERRY CARLTON ASKEW
                                              OPINION BY
v.    Record No. 0079-02-1           JUDGE SAM W. COLEMAN III
                                            MARCH 18, 2003
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Dean W. Sword, Jr., Judge

         S. Jane Chittom, Appellate Defender (Public
         Defender Commission, on briefs), for
         appellant.

         Stephen R. McCullough, Assistant Attorney
         General (Jerry W. Kilgore, Attorney General,
         on brief), for appellee.


     Gerry Carlton Askew appeals his bench trial conviction for

possession of cocaine with the intent to distribute in violation

of Code § 18.2-248.  The sole issue on appeal is whether the

evidence is sufficient to support a finding that appellant

intended to distribute the cocaine.  He posits that the only

proven fact which the court could have relied upon to support

the finding that he intended to distribute cocaine was that he

possessed 7.36 grams of crack cocaine, an amount that is not

inconsistent, as a matter of law, with personal use.  For the

reasons that follow, we affirm the conviction.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986) (citations omitted).

Sergeant Butler and Officer Brown stopped a car in Portsmouth in which appellant was the front seat passenger. As they approached the car, Butler saw appellant make furtive movements as if he were hiding something. Police arrested appellant based on an outstanding warrant for his arrest. Officer Brown searched appellant incident to the arrest and felt a suspicious item inside appellant's pants. Sergeant Butler authorized Brown to conduct a strip search of appellant when they arrived at police headquarters. When Brown removed appellant from the cruiser at headquarters, he noticed a plastic bag of a substance he suspected to be crack cocaine lying on the front seat where appellant had been sitting. Brown then searched appellant and found $65 in small denomination bills and

a pager.  Appellant possessed no devices with which to ingest crack cocaine.

The plastic bag recovered from the car seat contained seven separate plastic bags containing off-white material, which tested positive for crack cocaine.  The total amount of crack cocaine weighed 7.36 grams.

At trial, Detective Wright was qualified as an expert in the use and distribution of narcotics.  He testified that the street value of 7.36 grams of cocaine was $700.  Wright opined that 7.36 grams of crack cocaine, when considered with the cash, pager and lack of a smoking device, was inconsistent with personal use.  On cross-examination, Wright stated that a typical user of crack cocaine consumes between two-tenths and one gram per day.  Wright added that in the six years he has investigated narcotics crimes he has not seen a user of crack cocaine who "stockpiled" three grams for personal use, much less 7.36 grams.

## ANALYSIS

As part of his sufficiency argument, appellant contends Wright's expert opinion "is itself inconsistent with other expert opinions, from other [expert] police witnesses, in other cases."  Furthermore, because so much variation exists between experts' opinions in case law as to "the habits of users, then purported[] expert testimony about the consumption habits of users is without value as evidence . . . [and] the lack of any

common standard among these purported experts . . . casts doubt on the reliability of their 'expert' opinions."  Thus, because Wright's expert opinion as to what constitutes personal use was the only evidence of intent to distribute, other than the quantity which is insufficient as a matter of law, and because his expert opinion is unreliable, appellant argues that his conviction should be reversed.

<u>Proving Intent to Distribute</u>

In cases lacking direct evidence of drug distribution, intent to distribute "must be shown by circumstantial evidence." <u>Servis v. Commonwealth</u>, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).  Among the circumstances that tend to prove an intent to distribute are "the quantity of the drugs seized, the manner in which they are packaged, and the presence of . . . equipment related to drug distribution." <u>McCain v. Commonwealth</u>, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001) (citations omitted). Pagers and firearms are among the equipment that has been recognized as tools of the drug trade, the possession of which are probative of intent to distribute. <u>Glasco v. Commonwealth</u>, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998), <u>aff'd</u>, 257 Va. 433, 513 S.E.2d 137 (1999).  Furthermore, "the absence of paraphernalia suggestive of personal use . . . [is] regularly recognized as [a] factor[] indicating an intent to distribute." <u>Welshman v. Commonwealth</u>, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (<u>en</u> <u>banc</u>) (citation omitted).  "'Possession of a

quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it.'" Gregory v. Commonwealth, 22 Va. App. 100, 110, 468 S.E.2d 117, 122 (1996) (finding sufficient evidence of intent to distribute based on possession of seven baggies containing a total of 3.7 grams of cocaine) (quoting Iglesias v. Commonwealth, 7 Va. App. 93, 110, 372 S.E.2d 170, 180 (1988) (en banc)); see also Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (proof that the quantity of drugs possessed exceeds an amount normally possessed for personal use, without more, can be sufficient to show an intent to distribute).

> Circumstantial proof of a defendant's intent includes the quantity of the drugs discovered, the packaging of the drugs, and the presence or absence of drug paraphernalia. Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use.

Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000) (citations omitted), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001).

### Expert Testimony[1]

"An expert witness may express an opinion relative to the existence or nonexistence of facts not within common knowledge, but 'the admission of expert opinion upon an ultimate issue of fact is impermissible because it invades the function of the fact finder.'" Zelenak v. Commonwealth, 25 Va. App. 295, 299, 487 S.E.2d 873, 875 (1997) (quoting Llamera v. Commonwealth, 243 Va. 262, 264, 414 S.E.2d 597, 598 (1992)). In Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 925 (1991), we approved the admissibility of expert opinion testimony on the issue of whether the amount of an illegal drug possessed by an accused was, under the circumstances, inconsistent with individual personal use. But see Llamera, 243 Va. at 265, 414 S.E.2d at 599 (holding that expert testimony that quantity and packaging of cocaine suggested distribution was inadmissible opinion on ultimate issue of fact).

As we noted in Shackleford, 32 Va. App. at 327, 528 S.E.2d at 133, "expert testimony, usually that of a police officer," is one factor or circumstance which the fact finder may consider in determining whether drugs were possessed with intent to distribute. Because the facts and circumstances in each drug-related case vary, no uniform standard exists to

---

[1] For a discussion on the use of expert testimony to prove intent to distribute, see Thomas M. Fleming, Annotation, Admissibility, in Criminal Prosecution, of Expert Opinion Allegedly Stating Whether Drugs Were Possessed with Intent to

differentiate an amount that is always for personal use or for distribution. While many states have chosen to differentiate between the severity or degree of the offense based upon the amount in one's possession, Virginia recognizes that a drug dealer may not always possess a large amount of the illegal contraband. Thus, proof of whether one possesses drugs for personal use or for distribution depends on the facts of each case. The creation of an evidentiary presumption based on possession of a specific amount is left to the legislature.

The quantum of evidence necessary to prove an intent to distribute depends on the facts and circumstances of each case. In addition to evidence proving the quantity and type of drug possessed, the Commonwealth may introduce opinion testimony from law enforcement officers familiar with the habits and propensities of local drug users as to what amounts are inconsistent with personal use.[2]

_____

Distribute – State Cases, 83 A.L.R. 4th 629 (1991 and Supp. 2002).

[2] Appellant argues on brief that the trial judge erroneously relied on his prior experience in trying drug cases to find that appellant did not possess the drugs for personal use, but with the intent to distribute. The trial judge stated:

> The testimony of Mr. Wright is based upon [his] experience. The Court sees that testimony, too – and while that's not evidence in the case, the things that we see in court day in and day out certainly would or perhaps would not give some credibility to the expert testimony that we sometimes receive in the these cases.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good

## Sufficiency of the Evidence

Appellant's argument is primarily that Wright's expert opinion is unreliable. He says that Wright's opinion was that possession of 7.36 grams of crack cocaine, a pager and $65 in small bills was inconsistent with personal use, and that evidence was not sufficient to prove an intent to distribute.

As we have previously noted, Wright's expert testimony is admissible and is not unreliable as a matter of law. His opinion that those factors he considered are inconsistent with personal use can be considered by the fact finder together with other evidence to determine whether the Commonwealth's evidence proves beyond a reasonable doubt the intent to distribute. The record contains evidence, in addition to Wright's expert opinion, to support the finding that appellant possessed the cocaine with the intent to distribute it. The police found seven individually wrapped packets of crack cocaine weighing 7.36 grams and having a street value of $700. Appellant's possession of $65 in currency in small denominations and a

---

cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

Without determining whether the judge's statement constituted a finding or ruling, appellant did not object to the trial judge's statement. Accordingly, appellant is precluded from challenging the finding or ruling on appeal. See Rule 5A:18. Moreover, the record reflects no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

pager, a device recognized as a tool of the drug trade, "the possession of which [is] probative of intent to distribute," are additional facts together with Wright's opinion testimony that support the finding of an intent to distribute. Glasco, 26 Va. App. at 775, 497 S.E.2d at 156. Appellant possessed no devices with which to personally consume crack cocaine. Moreover, although appellant testified at trial, he never admitted using crack cocaine or stating that he possessed it for personal use; instead he denied possessing it. See Shackleford, 32 Va. App. at 327, 528 S.E.2d at 133 (noting absence of claim that defendant used drugs or presence of device with which to consume it). The Commonwealth's evidence, which was based on more than Wright's opinion, was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant possessed the cocaine with the intent to distribute it. Accordingly, we affirm the judgment of the trial court.

Affirmed.

Benton, J., dissenting.

"Possession with intent to distribute is a crime which requires 'an act coupled with a specific intent.'" Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991) (en banc) (citation omitted). "It is elementary that where, as here, an indictment charges an offense which consists of an act combined with a particular intent, proof of the intent is essential to conviction." Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975). Moreover, "a basic procedural safeguard required by the Due Process Clause . . . [is] that the prosecution prove beyond a reasonable doubt every element of the charged offense." Green v. Young, 264 Va. 604, 609, 571 S.E.2d 135, 138 (2002). When, as here, the Commonwealth must prove beyond a reasonable doubt the specific intent to distribute cocaine, the "[e]xistence of the intent . . . cannot be based upon surmise or speculation." Patterson, 215 Va. at 699, 213 S.E.2d at 753.

The evidence proved that when the police arrested Gerry Carlton Askew he possessed 7.36 grams of "crack cocaine," sixty five dollars, and a pager. The principle is well established that "possession of a small quantity [of a drug] creates an inference that the drug was for the personal use of the defendant." Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984). See also Turner v. United States, 396 U.S. 398, 423 (1970) (holding that 14.68 grams of cocaine "is itself consistent with [the accused] possessing the cocaine not for sale but exclusively for his personal use"). When asked by the prosecutor "is the evidence in this case consistent with the

- 10 -

personal use of narcotics?," the detective who testified as an expert witness said it was not and based his opinion on the following factors:

> The quantity of the drugs, coupled with the devices used to -- the quantity of the drugs, the pager, and the money combined together would be inconsistent with what a user -- inconsistent with strict personal use.

To further elaborate on the basis of his opinion, the detective testified that "the quantity is the most important factor."  He also testified, however, that a cocaine user "could use a gram in a day."  He explained this as follows:

> Q.  How long will one gram usually last a crack head, as you put it?
>
> A.  It depends on the amount of the addiction.
>
> Q.  In your expert opinion, do you have an opinion on how you say they go back for more?
>
> A.  Uh-huh.  I mean, you could use a gram in a day.
>
> Q.  If he can use a gram a day, he can use about 7 grams in a week?
>
> A.  Yeah, and he could use 360 grams in a year.
>
> Q.  Right.  So pretty much -- so is it your testimony that people with cocaine addictions usually only buy it on a daily basis?
>
> A.  Usually.
>
> Q.  Enough to get them through the day?
>
> A.  Yes, ma'am.  Actually, not enough to get them through a day.  Enough to get them through maybe an hour.

Q. That would depend on whether or not they have money or not; is that right? You say they don't normally stock up for the winter, so to speak?

A. Correct. It definitely depends on the money because they're not giving it away.

Q. Someone with more money could obviously buy more crack and still have it for personal use; is that right?

A. Yes, ma'am.

The circumstances of Askew's arrest do not establish he was distributing or attempting to distribute the cocaine. The officer's testimony that crack cocaine users "usually" buy their cocaine at intervals of a day or less is insufficient to prove Askew's possession of an amount of cocaine which could be used by a person in seven days was with an intent to distribute.

The evidence also did not prove Askew was using the pager or had used it while he had the cocaine. Significantly, the officer testified that in his experience with people in general "everyone does [have] pagers [and cell phones]." He further acknowledged that "[j]ust because a person wears a pager on their belt doesn't necessarily make them a narcotics distributor." No evidence in this case proved a connection between Askew's possession of the pager and his intent in possessing the cocaine.

Similarly, no evidence proved a connection between Askew's money and the cocaine. The officer acknowledged that the $65 Askew had in his possession was not a large amount of currency. Neither the detective nor any other witness testified that Askew exchanged any item in his possession for money. Moreover, the

denominations of "two 10s, seven $5 bills, and ten $1 bills" was not an unusual mixture for this small amount of currency.

The absence of paraphernalia to use the cocaine likewise does not establish that Askew intended to distribute the cocaine. Possession for personal use does not connote immediate use or require use in a public place.

The officer's testimony was patently, internally inconsistent regarding the factors that were suggestive of an intent to distribute and was susceptible of two interpretations. The rule is long standing that "'where a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates him.'" Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969) (citation omitted).

> It is well settled in Virginia that to justify conviction of a crime, it is not sufficient to create a suspicion or probability of guilt, but the evidence must establish the guilt of an accused beyond a reasonable doubt. It must exclude every reasonable hypothesis except that of guilt. The guilt of a party is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence.

Cameron v. Commonwealth, 211 Va. 108, 110-11, 175 S.E.2d 275, 276 (1970) (citations omitted) (emphasis added).

On the evidence in this record, the trial judge had to resort to speculation and surmise to find that Askew possessed the 7.36 grams of cocaine with the intent to distribute it. The officer's testimony is unambiguous that a user could consume that

quantity within seven days. "It is, of course, a truism of the criminal law that evidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture." <u>Smith v. Commonwealth</u>, 192 Va. 453, 461, 65 S.E.2d 528, 533 (1951). The evidence in its totality was not consistent only with an intent to distribute; thus, it failed to prove beyond a reasonable doubt an intent to distribute the cocaine.

For these reasons, I would reverse the conviction for possession of cocaine with the intent to distribute it, and remand for imposition of an order of conviction on the offense of possession of cocaine.