BENTON, Judge,
dissenting.
“Possession with intent to distribute is a crime which requires ‘an act coupled with a specific intent.’ ” Stanley v. Commonwealth, 12 Va.App. 867, 869, 407 S.E.2d 13, 15 (1991) (en banc) (citation omitted). “It is elementary that where, as here, an indictment charges an offense which consists of an act combined with a particular intent, proof of the intent is essential to conviction.” Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975). Moreover, “a basic procedural safeguard required by the Due Process Clause ... [is] that the prosecution prove beyond a reasonable doubt every element of the charged offense.” Green v. Young, 264 Va. 604, 609, 571 S.E.2d 135, 138 (2002). When, as here, the Commonwealth must prove beyond a reasonable doubt the specific intent to distribute cocaine, the “[e]xistence of the intent ... cannot be based upon surmise or speculation.” Patterson, 215 Va. at 699, 213 S.E.2d at 753.
The evidence proved that when the police arrested Gerry Carlton Askew he possessed 7.36 grams of “crack cocaine,” sixty five dollars, and a pager. The principle is well established that “possession of a small quantity [of a drug] creates an inference that the drug was for the personal use of the defendant.” Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984). See also Turner v. United States, 396 U.S. 398, 423, 90 S.Ct. 642, 656, 24 L.Ed.2d 610 (1970) (holding that 14.68 grams of cocaine “is itself consistent with [the accused] possessing the cocaine not for sale but exclusively for his personal use”). When asked by the prosecutor “is the evidence in this case consistent with the personal use of *113 narcotics?,” the detective who testified as an expert witness said it was not and based his opinion on the following factors:
The quantity of the drugs, coupled with the devices used to — the quantity of the drugs, the pager, and the money combined together would be inconsistent with what a user— inconsistent with strict personal use.
To further elaborate on the basis of his opinion, the detective testified that “the quantity is the most important factor.” He also testified, however, that a cocaine user “could use a gram in a day.” He explained this as follows:
Q. How long will one gram usually last a crack head, as you put it?
A. It depends on the amount of the addiction.
Q. In your expert opinion, do you have an opinion on how you say they go back for more?
A. Uh-huh. I mean, you could use a gram in a day.
Q. If he can use a gram a day, he can use about 7 grams in a week?
A. Yeah, and he could use 360 grams in a year.
Q. Right. So pretty much — so is it your testimony that people with cocaine addictions usually only buy it on a daily basis?
A. Usually.
Q. Enough to get them through the day?
A. Yes, ma’am. Actually, not enough to get them through a day. Enough to get them through maybe an hour.
Q. That would depend on whether or not they have money or not; is that right? You say they don’t normally stock up for the winter, so to speak?
A. Correct. It definitely depends on the money because they’re not giving it away.
Q. Someone with more money could obviously buy more crack and still have it for personal use; is that right?
A. Yes, ma’am.
*114 The circumstances of Askew’s arrest do not establish he was distributing or attempting to distribute the cocaine. The officer’s testimony that crack cocaine users “usually” buy their cocaine at intervals of a day or less is insufficient to prove Askew’s possession of an amount of cocaine which could be used by a person in seven days was with an intent to distribute.
The evidence also did not prove Askew was using the pager or had used it while he had the cocaine. Significantly, the officer testified that in his experience with people in general “everyone does [have] pagers [and cell phones].” He further acknowledged that “[j]ust because a person wears a pager on their belt doesn’t necessarily make them a narcotics distributor.” No evidence in this case proved a connection between Askew’s possession of the pager and his intent in possessing the cocaine.
Similarly, no evidence proved a connection between Askew’s money and the cocaine. The officer acknowledged that the $65 Askew had in his possession was not a large amount of currency. Neither the detective nor any other witness testified that Askew exchanged any item in his possession for money. Moreover, the denominations of “two 10s, seven $5 bills, and ten $1 bills” was not an unusual mixture for this small amount of currency.
The absence of paraphernalia to use the cocaine likewise does not establish that Askew intended to distribute the cocaine. Possession for personal use does not connote immediate use or require use in a public place.
The officer’s testimony was patently, internally inconsistent regarding the factors that were suggestive of an intent to distribute and was susceptible of two interpretations. The rule is long standing that “ ‘where a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates him.’ ” Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969) (citation omitted).
*115 It is well settled in Virginia that to justify conviction of a crime, it is not sufficient to create a suspicion or probability of guilt, but the evidence must establish the guilt of an accused beyond a reasonable doubt. It must exclude every reasonable hypothesis except that of guilt. The guilt of a party is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence.
Cameron v. Commonwealth, 211 Va. 108, 110-11, 175 S.E.2d 275, 276 (1970) (citations omitted) (emphasis added).
On the evidence in this record, the trial judge had to resort to speculation and surmise to find that Askew possessed the 7.36 grams of cocaine with the intent to distribute it. The officer’s testimony is unambiguous that a user could consume that quantity within seven days. “It is, of course, a truism of the criminal law that evidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture.” Smith v. Commonwealth, 192 Va. 453, 461, 65 S.E.2d 528, 533 (1951). The evidence in its totality was not consistent only with an intent to distribute; thus, it failed to prove beyond a reasonable doubt an intent to distribute the cocaine.
For these reasons, I would reverse the conviction for possession of cocaine with the intent to distribute it, and remand for imposition of an order of conviction on the offense of possession of cocaine.