COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Kelsey
Argued at Richmond, Virginia


SHAWN SPRATLEY, S/K/A
 SHAWN ALEXANDER SPRATLEY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0533-02-2            JUDGE D. ARTHUR KELSEY
                                         MAY 20, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                         James A. Luke, Judge

              (Christopher B. Ackerman, on brief), for
              appellant.  Appellant submitting on brief.

              Amy L. Marshall, Assistant Attorney General
              (Jerry W. Kilgore, Attorney General, on
              brief), for appellee.


     Shawn Alexander Spratley claims that the trial court lacked

sufficient evidence to find him guilty beyond a reasonable doubt

of possessing cocaine with intent to distribute in violation of

Code § 18.2-248(A).  We disagree and affirm the conviction.

                                I.

     On appeal, we review the evidence "in the light most

favorable to the Commonwealth."  Morrisette v. Commonwealth, 264

Va. 386, 389, 569 S.E.2d 47, 50 (2002).  That principle requires

us to "discard the evidence of the accused in conflict with that

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom."  Holsapple v. Commonwealth, 39 Va. App. 522, 528, 574 S.E.2d 756, 758-59 (2003) (en banc) (citation omitted); see also Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

While patrolling in separate police cruisers, Hopewell Police Sergeant James Hamilton and Detective George Burgess received a dispatch to be on the lookout for Spratley, a "wanted subject" that police believed would be in a particular vehicle at a gas station in Hopewell.  The officers drove to the gas station and stopped the vehicle described in the dispatch.  They ordered the driver and Spratley, a passenger, to exit the vehicle and raise their hands.  The driver immediately complied. Spratley, however, began "making movements with his left hand" and appeared to be "lifting" and "digging" to his left in the center of the vehicle.

As Sergeant Hamilton approached the vehicle, Spratley turned to face him but continued digging in between the driver and passenger seat.  While Sergeant Hamilton removed Spratley from the vehicle, Spratley made "a movement with his left hand towards the center of the vehicle."  Moments later, at that exact location, the officers found a plastic bag containing twelve individually packaged bag corners of rock cocaine.

-

At trial, Sergeant Hamilton testified as an expert on personal drug use and concluded that the possession of twelve individually packaged bags of rock cocaine was inconsistent with personal use. Although no cell phone, pager or money was found on Spratley, Sergeant Hamilton testified that experienced drug dealers no longer carry all three items on their person. Today, he explained, it is common for these items to be divided among several individuals to avoid any association of the use of those items with drug trafficking.

Following the Commonwealth's presentation of the evidence, Spratley moved to strike the evidence, claiming that it was insufficient to prove that he either possessed the cocaine or that he intended to distribute it. The trial judge denied the motion and found that "the defendant did have constructive possession of these drugs" and that "twelve individually wrapped rocks of cocaine are sufficient evidence of possession with intent to distribute." Spratley received a fifteen-year sentence, with twelve years and six months suspended.

## II.

Under settled principles, we "presume the judgment of the trial court to be correct" and reverse on sufficiency grounds only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (citations omitted); see also

-

McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc).

When a jury decides the case, Code § 8.01-680 requires that "we review the jury's decision to see if reasonable jurors could have made the choices that the jury did make." Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (en banc). "We let the decision stand unless we conclude no rational juror could have reached that decision." Id. The same standard applies when a trial judge sits as the fact finder because "the court's judgment is accorded the same weight as a jury verdict." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 907 (2001).

Put another way, when faced with a challenge to the sufficiency of the evidence, a reviewing court does not "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted).[1] Instead, the relevant question is whether "any rational trier of fact could have found the essential

---

[1] Unless the fact finder acted unreasonably, we consider it our duty not to "substitute our judgment for that of the trier of fact, even were our opinion to differ." Wactor, 38 Va. App. at 380, 564 S.E.2d at 162 (citing Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998)); see also Dowden v. Commonwealth, 260 Va. 459, 467, 536 S.E.2d 437, 467 (2000); Pease, 39 Va. App. at 355, 573 S.E.2d at 278; Harris v. Commonwealth, 38 Va. App. 680, 691, 568 S.E.2d 385, 390 (2002).

-

elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). This deference applies not only to the historical facts themselves, but the inferences from those facts as well. "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 783, 407 S.E.2d 301, 306 (1991).

## A.

Spratley first contends that the trial court erred in finding that he constructively possessed cocaine. We disagree. The evidence presented by the Commonwealth was sufficient to support the trial court's decision.

To convict an individual of illegally possessing drugs, the Commonwealth must prove that the defendant possessed an illicit substance and appreciated its illegal "nature and character." Birdsong v. Commonwealth, 37 Va. App. 603, 607, 560 S.E.2d 468, 470 (2002). The Commonwealth can establish constructive possession through "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Id. at 607-08, 560 S.E.2d at 470 (quoting Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998)).

-

Viewed in the light most favorable to the Commonwealth, Spratley's suspicious movements and close proximity to the cocaine provide sufficient evidence to support the trial court's finding that he constructively possessed the cocaine. Immediately upon approaching the vehicle, Sergeant Hamilton and Detective Burgess observed Spratley "lifting" and "digging" in between the driver and passenger seat. While being pulled from the vehicle, Spratley "made a movement with his left hand towards the center of the vehicle" —— the very area where, moments later, the officers discovered the narcotics in plain view.

The trial judge, as fact finder, was entitled to infer from the evidence that Spratley was attempting to hide the cocaine and, therefore, knew of its nature and character. See, e.g., Brown v. Commonwealth, 5 Va. App. 489, 492, 364 S.E.2d 773, 774 (1988) ("While mere proximity to a controlled substance is insufficient to establish possession, it is a factor to consider when determining whether the accused constructively possessed drugs."); Collins v. Commonwealth, 13 Va. App. 177, 178, 409 S.E.2d 175, 175 (1991) (finding sufficient evidence to prove constructive possession where defendant "made a throwing motion under the vehicle with his right arm").

B.

Spratley also claims that the evidence fails to prove that he intended to distribute the cocaine. Again, we disagree.

Absent direct evidence of drug distribution, "intent to distribute 'must be shown by circumstantial evidence.'" Askew v. Commonwealth, 40 Va. App. 104, 108, 578 S.E.2d 58, 60 (2003) (quoting Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988)). "Circumstantial proof of a defendant's intent includes the quantity of the drugs discovered, the packaging of the drugs, and the presence or absence of drug paraphernalia." Askew, 40 Va. App. at 109, 578 S.E.2d at 61 (quoting Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000) (citations omitted), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001)). To be sure, "the absence of paraphernalia suggestive of personal use . . . is regularly recognized as a factor indicating an intent to distribute." Askew, 40 Va. App. at 108, 578 S.E.2d at 60 (quoting Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (en banc)) (internal brackets omitted).

The amount of drugs seized from an individual can itself be a dispositive factor. "'Possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it.'" Askew, 40 Va. App. at 109, 578 S.E.2d at 60-61 (quoting Gregory v.

-

Commonwealth, 22 Va. App. 100, 110, 468 S.E.2d 117, 122 (1996) (finding sufficient evidence of intent to distribute based on possession of seven baggies containing a total of 3.7 grams of cocaine), and Iglesias v. Commonwealth, 7 Va. App. 93, 110, 372 S.E.2d 170, 180 (1988) (en banc)). "Indeed, quantity, when greater than the supply ordinarily possessed by a narcotics user for his personal use, is a circumstance which, standing alone, may be sufficient to support a finding of intent to distribute." Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973).

Expert testimony plays a leading role in the presentation of this evidence. "Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use." Askew, 40 Va. App. at 109, 578 S.E.2d at 61 (quoting Shackleford, 32 Va. App. at 327, 528 S.E.2d at 133); see also Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 925 (1991).

We conclude that the trial court was not plainly wrong in finding the evidence sufficient to prove Spratley intended to distribute the drugs he possessed. Spratley's bag contained twelve individually wrapped cocaine "rocks" commonly distributed in the retail drug trade. These rocks, in aggregate, weighed 2.451 grams. Testifying as an expert on the characteristics of drug users, Sergeant Hamilton explained that such an amount was

-

inconsistent with personal use.  Even when on a "binge,"
Hamilton testified, crack cocaine users "normally don't purchase
12 rocks at a time."

Possessing drugs in an amount "greater than that ordinarily
possessed for one's personal use may be sufficient to establish
an intent to distribute."  Castaneda v. Commonwealth, 7 Va. App.
574, 584, 376 S.E.2d 82, 87 (1989) (en banc).  Sergeant Hamilton
stated that crack users do not typically inventory narcotics for
future use.  Drug dealers do.  We have held that even a lesser
amount of drugs is probative of an intent to distribute.  See
Christian v. Commonwealth, 33 Va. App. 704, 716, 536 S.E.2d 477,
483 (2000) (en banc) (2.3 grams); Welshman, 28 Va. App. at 37,
502 S.E.2d at 130 (five to six pieces totaling 1.44 grams);
Poindexter v. Commonwealth, 16 Va. App. 730, 734-35, 432 S.E.2d
527, 530 (1993) (1.39 grams); cf. Gregory, 22 Va. App. at 110,
468 S.E.2d at 122 (3.4 grams in seven baggies).

In this case, the officers did not find, either on Spratley
or in his vehicle, any cocaine user paraphernalia, such as crack
stems or smoking pipes.  See Askew, 40 Va. App. at 108, 578
S.E.2d at 60 (recognizing the "absence of paraphernalia
suggestive of personal use" as a factor indicating an intent to
distribute).  Nor did Spratley appear to be under the influence
of any narcotics at the time of his arrest.  In addition, no
evidence suggested Spratley had used crack cocaine in the
vehicle prior to his arrest.  See Colbert v. Commonwealth, 219

-

Va. 1, 4, 244 S.E.2d 748, 749 (1978) ("[N]othing in the record suggests that the defendant personally used marijuana.").

While the officers did not find large sums of money at the time of his arrest, this does not end our inquiry. Possession of large sums of cash, especially in small denominations, suggests on-going efforts at distribution. White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (en banc). That inference, however, presupposes the seller has already begun —— at the time of his arrest —— the process of reselling his inventory.[2] If arrested between the wholesale purchase and the retail resale, the dealer may have little, if any, money on him. Thus, while possession of large sums of money permits an inculpatory inference, the absence of large sums does not render all other incriminating evidence insufficient as a matter of law.

Finally, Spratley argues that the absence of any cell phones or pagers or large sums of money found collectively in his possession negates any evidence of intent to distribute. As Sergeant Hamilton testified, however, in recent years drug traffickers at the street level have segmented their operations: "[A] lot of times what we are dealing with now is there is a

---

[2] See, e.g., Colbert, 219 Va. at 4, 244 S.E.2d at 749 (large amount of cash raised inference that defendant had "consummated numerous sales" prior to his arrest); Langston v. Commonwealth, 28 Va. App. 276, 286, 504 S.E.2d 380, 385 (1998) ("The trial court could have inferred this money was the fruit of several drug transactions.").

-

person holding the money.  Maybe a person who is holding the drugs and somebody else could be using the cell phone and the pager. That way not all three items or all four or however many items, are not found on one person."

                              IV.

In sum, the evidence supports the trial court's finding that Spratley possessed cocaine with intent to distribute in violation of Code § 18.2-248(A).  We thus affirm the conviction.

                                        <u>Affirmed</u>.

Benton, J., dissenting.

The evidence failed to prove Shawn Alexander Spratley actually possessed the cocaine the police officer found in the vehicle that was being driven by another man.  I would hold that the evidence was insufficient to prove beyond a reasonable doubt that Spratley had constructive possession of the cocaine and, furthermore, certainly failed to prove he had an intent to distribute the cocaine.

I.

When, as here, the Commonwealth is required to prove beyond a reasonable doubt that an accused constructively possessed a controlled substance, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control."  Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).  Furthermore, Code § 18.2-250 provides that "[u]pon the prosecution of a person [for possession of a controlled substance], ownership or occupancy of . . . [a] vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance."

We apply well established principles when testing the sufficiency of circumstantial evidence.

-

> "[I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty."

Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977) (citation omitted).

The trial judge had to speculate to conclude that Spratley possessed the bag of cocaine that "was lying on top of the seat . . . [and] somewhat underneath the catty corner of the armrest." No evidence directly proved Spratley possessed the cocaine. Indeed, the officer testified that he could not see Spratley's hands. Thus, the testimony that Spratley had reached to the left side of the vehicle indicates only a suspicious circumstance, not constructive possession. See United States v. Blue, 957 F.2d 106, 107-08 (4th Cir. 1992); Scruggs v. Commonwealth, 19 Va. App. 58, 61-62, 448 S.E.2d 663, 665 (1994). "[C]ircumstances of suspicion, [however,] no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused

-

must be shown by evidence beyond a reasonable doubt to sustain his conviction." Clodfelter, 218 Va. at 623, 238 S.E.2d at 822.

In short, the evidence in this case failed to establish the cocaine was not under the armrest when Spratley reached to his left, and it clearly failed to establish the cocaine did not belong exclusively to the driver, who was the owner of the vehicle. "Whenever the evidence leaves indifferent which of several hypotheses is true, or merely establishes only some finite probability in favor of one hypothesis, such evidence does not amount to proof of guilt beyond a reasonable doubt." Sutphin v. Commonwealth, 1 Va. App. 241, 248, 337 S.E.2d 897, 900 (1985).

The necessity to prove guilt beyond a reasonable doubt is illustrated by prior holdings. For example, in Crisman v. Commonwealth, 197 Va. 17, 87 S.E.2d 796 (1955), the police officer who detained the occupants of a car testified that he had been watching a house where illegal activities were suspected, that the car stopped in front of the house, and that the two defendants entered the house, remained a short time, and reentered the car. When the officer stopped the car, it was occupied by three individuals in the front seat and the two defendants in the rear seat. All the occupants denied possession of the heroin that was on floor in front of the rear seat. The Supreme Court held that the evidence was insufficient to sustain a conviction for drug possession, noting that any one

-

of the five men in the vehicle could have dropped the heroin on the floor, or it could have been placed there earlier by some unknown party, and that no proof established ownership of the heroin or identity of the person who placed it on floor of the car. Id. at 20, 87 S.E.2d at 798-99. In reversing the conviction, the Supreme Court explained that "our system of law [requires] that before life or liberty is exacted the evidence shall leave no reasonable doubt of the defendant's guilt." Id. at 21, 87 S.E.2d at 799.

## II.

"Possession with intent to distribute is a crime which requires 'an act coupled with a specific intent.'" Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991) (en banc) (citation omitted). "It is elementary that where, as here, an indictment charges an offense which consists of an act combined with a particular intent, proof of the intent is essential to conviction." Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975). Moreover, the Commonwealth must prove specific intent, an element of the charged offense, beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 315-16 (1979); In re Winship, 397 U.S. 358, 363 (1970). Therefore, "[e]xistence of the intent . . . cannot be based upon surmise or speculation." Patterson, 215 Va. at 699, 213 S.E.2d at 753.

-

The principle is well established in Virginia that a relatively small quantity of cocaine warrants the inference that an accused possessed it for personal use.  See Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984).  The police seized only 2.45 grams of cocaine.  Moreover, the officer testified that any user of cocaine could buy twelve "rocks at one time, packaged the exact same . . . way."  Thus, as in Dukes, "[t]he mode of packaging [of the cocaine] and the way the [package was] hidden are as consistent with possession for personal use as they are with intent to distribute."  227 Va. at 123, 313 S.E.2d at 384.  In addition, the officer testified that the twelve pieces of cocaine he seized could be consumed "four in a day" by a user.  Thus, the evidence proved a user could consume the seized cocaine within three days.  No evidence indicated an intent to distribute.  I would hold, therefore, that this evidence manifestly failed to prove an intent to distribute the cocaine.