COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Kelsey and McClanahan
Argued at Richmond, Virginia


KENDELL K. HOOKS

                                          MEMORANDUM OPINION* BY
v.       Record No. 0231-04-2           JUDGE ELIZABETH A. McCLANAHAN
                                               FEBRUARY 8, 2005
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                        James F. D'Alton, Jr., Judge

        Steven Brent Novey (Tomko & Novey, on brief), for appellant.

        Josephine F. Whalen, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Kendell K. Hooks was convicted of possession of less than one-half ounce of marijuana

with intent to distribute, a misdemeanor.  Hooks contends that the evidence was insufficient for

the trial court to find that the Commonwealth proved beyond a reasonable doubt that he had the

intent to distribute the marijuana he possessed.  For the reasons that follow, we affirm the

decision of the trial court.

                                    I.  Background

        On August 23, 2003, Petersburg Police Officer Michael Walker approached a group,

including Hooks, loitering in the parking lot at the Petersburg Civic Center.  As Walker

approached, he observed Hooks turn his back and place a brown paper bag on the ground.  The

other individuals in the group walked away toward the Civic Center.  After the bag was

retrieved, the police discovered that it held seven small Ziploc bags, each containing enough

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

marijuana for approximately two joints. The total weight of the marijuana from all seven bags was .28 ounces, with a street value of approximately $140. Walker arrested Hooks and found on his person $427 in denominations of twenties and ones and a two-way pager. Hooks did not have any smoking devices or personal use paraphernalia.

At trial, Walker qualified as an expert over Hooks' objection, and testified that the marijuana recovered from Hooks was inconsistent with personal use based on the individual packaging of the marijuana in seven Ziploc bags, the placement of the bags in a larger brown paper bag, the lack of any personal use paraphernalia, the large quantity of cash in denominations consistent with drug sales, and the two-way pager. Lawanda Bynum-Hooks, Hooks' mother, testified that her son lived with her in New York over the summer. She said Hooks had left New York to return to Petersburg for college in late August with $900 in cash to pay for rent, bills, and to open an account at the Municipal Credit Center. She further testified that the pager seized by Walker had been given to Hooks by his father and did not work, except for the purpose of storing phone numbers. At one point, she testified the pager was a three-way pager and that Hooks' father had sent it away to be fixed.

At the conclusion of the trial, the court convicted Hooks for possession of less than one-half ounce of marijuana with the intent to distribute, a Class 1 misdemeanor, and sentenced him to twelve months in jail, with credit for time served, and a $2,500 fine. The court suspended eleven months and twenty days of the twelve-month sentence for a period of three years good behavior.

## II. Analysis

When examining a challenge to the sufficiency of the evidence, an appellate court must review that evidence in the light most favorable to the Commonwealth, the prevailing party below. Morrisette v. Commonwealth, 264 Va. 386, 389, 569 S.E.2d 47, 50 (2002). Any

evidence which conflicts, either directly or inferentially, with the Commonwealth's evidence must be discarded, and all fair inferences that may be drawn from that evidence must be regarded as true.  Holsapple v. Commonwealth, 39 Va. App. 522, 528, 574 S.E.2d 756, 758-59 (2003) (*en banc*).  An appellate court must let the decision of the trial court stand unless it reaches the conclusion that the verdict is plainly wrong or without evidence to support it.  Brown v. Commonwealth, 5 Va. App. 489, 491, 364 S.E.2d 773, 774 (1988) (citations omitted).

"Because direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence."  Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).  We must determine, "[w]hether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [the defendant's] theories in his defense and found him guilty . . . beyond a reasonable doubt."  Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).

The evidence in this case was sufficient to support the trial court's judgment.  Walker testified that the .28 ounces of marijuana packaged in seven individual baggies that Hooks possessed was inconsistent with personal use.  Possession of a controlled substance in a quantity "greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it."  Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987) (citation omitted).  An absence of drug paraphernalia is also inconsistent with personal use.  See Colbert v. Commonwealth, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978); Servis, 6 Va. App. at 524-25, 371 S.E.2d at 165; see also Early v. Commonwealth, 10 Va. App. 219, 222, 391 S.E.2d 340, 341-42 (1990); Hambury v. Commonwealth, 3 Va. App. 435, 438, 350 S.E.2d 524, 525 (1986) (method of packaging of drugs is important factor in determining whether distribution intended).  Hooks did not possess any instruments necessary for personal use of the marijuana.  Walker testified that there were "no smoking devices, no paper, no blunts, no pipes,

nothing that's consistent with personal use." The absence of such evidence in a case where possession is established is a significant indicator of the intent to distribute. Colbert, 219 Va. at 4, 244 S.E.2d at 749; see also Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998) (absence of any evidence of personal use by accused). Hooks had $427 on his person in denominations consistent with proceeds of drug transactions. "The presence of an unusual amount of money, suggesting profit from sales, is another circumstance that negates an inference of possession for personal use." Servis, 6 Va. App. at 524, 371 S.E.2d at 165. Hooks was carrying a pager, which is often used to facilitate drug transactions. See White v. Commonwealth, 24 Va. App. 446, 453, 482 S.E.2d 876, 879 (1997); see also Burchette v. Commonwealth, 15 Va. App. 432, 437, 425 S.E.2d 81, 85 (1992). Hooks' mother's testimony concerning the $900 he left New York with earlier in August was not connected to the money found on Hooks by Officer Walker. Additionally, her testimony concerning the pager was inconsistent, and there was no testimony as to whether she had current knowledge of the pager's working condition.

The totality of the circumstantial evidence was sufficient for the trial court to rule out any other reasonable explanation for Hooks' possession of the marijuana in small, prepackaged baggies. The facts that Hooks: (1) was apprehended in a parking lot in which he was seen with other individuals; (2) possessed a larger than usual amount for personal use; (3) had the marijuana packaged in separate baggies; (4) had no personal use paraphernalia; (5) carried on his person a large amount of currency in small denominations consistent with drug sales; and (6) had a pager, all could reasonably lead a fact finder to determine that he had the intent to distribute.[1]

---

[1] Hooks refers the Court to Dukes v. Commonwealth, 227 Va. 119, 313 S.E.2d 382 (1984), in which the Supreme Court reversed a conviction of possession with intent to distribute. In Dukes, the appellant was a civilian employee at a United States Navy security facility. Pursuant to a warrant, naval officers searched the facility and found a film canister of marijuana. They also discovered on Dukes' person, hidden in different places, three small manila envelopes

Though Hooks argues his mother successfully explained away the currency and pager, the trial judge can weigh her testimony and choose to either believe or disregard it. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear the evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted).

Given these circumstances, the decision of the trial court that the Commonwealth proved beyond a reasonable doubt that Hooks had the requisite intent to distribute the marijuana he possessed is not plainly wrong or without evidence to support it. Accordingly, we affirm.

Affirmed.

---

containing marijuana. The total amount of marijuana found on Dukes was one-half ounce. The Supreme Court stated that the small amount of marijuana warranted an inference that it was for Dukes' personal use, an inference which it found the Commonwealth did not overcome. The Court noted that Dukes possessed no drug paraphernalia at her place of employment when she was arrested and that the mode of packaging and the way the packages were hidden were as consistent with possession for personal use as with intent to distribute. Id. at 123, 313 S.E.2d at 384. Dukes is distinguished for three reasons. First, in Dukes, the appellant was arrested at a Navy security facility. Id. at 122-23, 313 S.E.2d at 383. Second, the Court found that an absence of drug paraphernalia at the appellant's "place of employment" did not "give rise to an inference that she was not a drug user. Indeed, it is more likely that she used the drug elsewhere." Id. Third, Dukes did not have any "unusual amount of money" on her, even though she possessed only a half-ounce of marijuana. Id. Had she been selling the drug, it would be likely that she would have sold some of her inventory (thus explaining the small amount remaining) and would have possessed some sales profits. In contrast, in the case at bar, Hooks, when arrested, possessed over $400 in twenties and ones and was loitering in a civic center parking lot with a group of individuals. These distinguishing facts and circumstances provide sufficient evidence to support the trial court's conclusion.

Benton, J., dissenting.

"Possession with intent to distribute is a crime which requires 'an act coupled with a specific intent.'" Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991) (en banc) (citation omitted). "It is elementary that where, as here, an indictment charges an offense which consists of an act combined with a particular intent, proof of the intent is essential to conviction." Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975).

Just as elementary is the principle that when "the circumstantial evidence of such intent, when viewed in the light most favorable to the Commonwealth, fails to 'exclude every reasonable hypothesis of innocence,'" the Commonwealth has not met its burden of proof. Dukes v. Commonwealth, 227 Va. 119, 123, 313 S.E.2d 382, 384 (1984). As in all criminal cases, "a basic procedural safeguard required by the Due Process Clause . . . [is] that the prosecution prove beyond a reasonable doubt every element of the charged offense." Green v. Young, 264 Va. 604, 609, 571 S.E.2d 135, 138 (2002). Thus, in this case, the Commonwealth had the burden to prove beyond a reasonable doubt that Kendell K. Hooks possessed the marijuana with intent to distribute.

"[P]ossession of a small quantity creates an inference that the drug was for the personal use of the defendant." Dukes, 227 Va. at 122, 313 S.E.2d at 383. Here, the evidence proved that the marijuana Hooks possessed weighed only ".28 . . . of an ounce, 8 grams." The officer testified that the marijuana was contained in seven bags and that "each little baggie is about two joint's worth." The officer further acknowledged "[t]his marijuana could have been purchased just in those baggies" by a user. Thus, by the officer's own admission, the Commonwealth failed to exclude the reasonable hypothesis that Hooks recently purchased the marijuana for his own use.

Although the officer also conclusorily testified that the marijuana was inconsistent with personal use, the officer's testimony was not that the quantity of marijuana was inconsistent with personal use, but, rather, he explained that "[i]f it was consistent with [personal] use we would have also recovered a smoking device to smoke it." This is precisely the type of reasoning Dukes rejects. See 227 Va. at 123, 313 S.E.2d at 384 (reasoning that the absence of paraphernalia does not warrant an inference the person was not a drug user where it is more likely the person used the drugs elsewhere). Moreover, the officer's testimony that a user of marijuana would deplete this quantity of marijuana in four days by smoking only "four joints a day" belies any notion that the amount of marijuana was inconsistent with personal usage.

The facts in this case are less indicative of intent to distribute than the facts in Dukes. Significantly, the defendant in Dukes possessed "one-half ounce" of marijuana, nearly twice the amount of marijuana Hooks had. See 227 Va. at 122, 313 S.E.2d at 383. As with Hooks, the defendant in Dukes was not in her residence when she possessed the marijuana. Although the record does not indicate whether the defendant in Dukes was in the presence of other people, as was Hooks, she was at her workplace -- a military security complex -- where one would not normally expect a person to smoke marijuana. Moreover, the manner in which the defendant in Dukes possessed her marijuana was more suspicious than Hooks. In addition to finding unpackaged marijuana in "a small 35 millimeter film cannister," the officers who arrested Dukes found prepackaged marijuana secreted at different places.

> They also discovered a one-inch square manila envelope containing marijuana in the defendant's wallet. During a subsequent search of Dukes' person, another one-inch square manila envelope containing marijuana fell to the floor. Shortly thereafter, Dukes was seated in the dining area. When she stood, the officers saw a third manila envelope fall to the floor beneath her. It, too, contained marijuana.

227 Va. at 121-22, 313 S.E.2d at 383.

Despite these facts, which suggested that Dukes had both loose marijuana and marijuana packaged to facilitate distribution, the Supreme Court, in reversing her conviction, noted that these factors were not inconsistent with innocence:

> In the present case, the relatively small quantity of marijuana in the defendant's possession warrants the inference that it was for her personal use. To overcome this inference and sustain the conviction, the Commonwealth relies upon a number of circumstances. It argues that "the marijuana was packaged to facilitate distribution," that [the defendant] possessed no paraphernalia when arrested, that there was no evidence that she used marijuana, and that the packages were hidden in different places upon her person. We do not believe these circumstances are consistent only with guilt and inconsistent with innocence.
>
> The mode of packaging and the way the packages were hidden are as consistent with possession for personal use as they are with intent to distribute. It is just as plausible that the defendant purchased the packaged substance for personal use as it is that she packaged the marijuana for distribution. Furthermore, the absence of drug paraphernalia at [the defendant's] place of employment does not give rise to an inference that she was not a drug user. Indeed, it is more likely that she used the drug elsewhere.
>
> It was not the defendant's burden to establish that she used marijuana; the small quantity in her possession created that inference.

Id. at 122-23, 313 S.E.2d at 383-84 (citation omitted).

The evidence did not prove any circumstance indicating Hooks was selling or intending to sell the marijuana. The officer did not describe any conduct that would suggest Hooks was engaging in conduct suggestive of distributing the marijuana. Hooks was merely "loitering" when the officer arrested him. The evidence also did not prove a connection between Hooks's possession of the pager and his intent in possessing the marijuana. Indeed, we can say based on contemporary experience that young people in general have pagers and cell phones. Similarly, no evidence proved a connection between Hooks's money and the cocaine. The $427 that Hooks

possessed was not a large amount of currency. Neither the officer nor any other witness testified that Hooks received money in exchange for marijuana.

This is a case where the prosecution's witness "has presented . . . two different accounts of the essential facts relating to a crucial element of the crime." Moore v. Commonwealth, 254 Va. 184, 189, 491 S.E.2d 739, 742 (1997). The Supreme Court repeatedly has held "that 'where a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates [the accused].'" Commonwealth v. Smith, 259 Va. 780, 782, 529 S.E.2d 78, 79 (2000) (quoting Burton and Conquest v. Commonwealth, 108 Va. 892, 899, 62 S.E. 376, 379 (1908)).

"It is, of course, a truism of the criminal law that evidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture." Smith v. Commonwealth, 192 Va. 453, 461, 65 S.E.2d 528, 533 (1951). The evidence in its totality was not consistent with an intent to distribute only; thus, it failed the reasonable doubt standard. I would hold that the trier of fact impermissibly based a finding of intent to distribute upon speculation and surmise. Patterson, 215 Va. at 699, 213 S.E.2d at 753. Therefore, I would, reverse the conviction and remand for a new trial on the lesser-included offense of possession of marijuana.