PRESENT:  ALL THE JUSTICES

GEORGE JUNIOR GREEN

v. Record No. 012225   OPINION BY JUSTICE CYNTHIA D. KINSER
                                    NOVEMBER 1, 2002
S.K. YOUNG, WARDEN

        FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
               Honorable James F. D'Alton, Jr.


     In this appeal, a prisoner challenges a circuit

court's dismissal of his petition for a writ of habeas

corpus.  The issue is whether the prisoner was denied

effective assistance of counsel when his attorney failed to

object to a jury instruction that allowed the jury to find

the prisoner guilty even if the Commonwealth failed to

prove beyond a reasonable doubt each element of the charged

offense.  Because we conclude that the prisoner has

demonstrated that his trial counsel's performance was

deficient and that the deficient performance prejudiced his

defense, we will reverse the judgment of the circuit court.

                I. MATERIAL FACTS AND PROCEEDINGS

     The appellant, George Junior Green, was indicted in

the Circuit Court of the City of Petersburg on charges of

first-degree felony murder, two counts of malicious

wounding, conspiracy to commit robbery, four counts of

robbery, and seven counts of using a firearm in the

commission of those felonies.[1]  In June 1998, a jury found Green guilty on all charges except the two counts of malicious wounding and the two related firearm charges. After exhausting the direct appeal process, Green filed a petition for a writ of habeas corpus in the circuit court, alleging numerous claims.

The circuit court heard evidence and argument of counsel at a plenary hearing.  In a subsequent order, the court dismissed Green's petition for a writ of habeas corpus for the reasons stated in its findings of fact and conclusions of law set forth in the record of the plenary hearing.  We awarded Green an appeal from that judgment, limited to one assignment of error: whether Green's trial attorney rendered ineffective assistance of counsel by failing to object to an "unconstitutional instruction given to the jury."

The instruction at issue was Instruction No. 10, the finding instruction for first-degree felony murder.  In its entirety, Instruction No. 10 reads as follows:

> George Green is charged with the crime of first-degree felony murder.  The Commonwealth must prove

---

[1] We note that the appellant was indicted and tried under the name of "George Green, Jr."  However, the appellant used the name of "George Junior Green" when filing his petition for a writ of habeas corpus.  In this opinion, we will use the name appearing on the habeas corpus petition.

beyond a reasonable doubt each of the following elements of that crime:

(1) That Karla E. Pettiford was killed; and,

(2) That her killing occurred while the defendant and others were engaged in the act of robbery.

*If you find that the Commonwealth has failed to prove beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty, but you shall not fix his punishment until your verdict has been returned and further evidence is heard by you.*

If you find that the Commonwealth has failed to prove beyond a reasonable doubt any one of the elements of the offense, then you shall find the defendant not guilty.

(Emphasis added.) The portion of the instruction about which Green complains is the underscored sentence that instructed the jury to find the defendant guilty even if the Commonwealth failed to prove the elements of the offense beyond a reasonable doubt. The instruction was not only provided to the jurors in written form but also read to them by the court. Neither the court, the attorney for the Commonwealth, nor Green's trial counsel noticed the obvious mistake in the instruction. At the plenary hearing on the habeas petition, Green's trial counsel conceded that the underscored language was "clearly erroneous."

In dismissing this particular claim, the circuit court characterized the mistake as a "typographical error," which

3

"had to be read in a common sense fashion." The court reasoned that common sense would have told the jury that there was a mistake in the instruction, especially since the last sentence contained a correct statement of law, and that the jury, therefore, was not confused by the instruction. Relying on Strickland v. Washington, 466 U.S. 668 (1984), the court concluded that Green had failed to show any prejudice resulting from his trial counsel's failure to object to Instruction No. 10.

## II. ANALYSIS

In a collateral attack on a judgment of conviction, a prisoner has the burden of proving by a preponderance of the evidence the claims asserted in the petition for a writ of habeas corpus. Curo v. Becker, 254 Va. 486, 489, 493 S.E.2d 368, 369 (1997); Nolan v. Peyton, 208 Va. 109, 112, 155 S.E.2d 318, 321 (1967). The question whether a prisoner is entitled to habeas relief is a mixed question of law and fact. Curo, 254 Va. at 489, 493 S.E.2d. at 369. Consequently, a circuit court's conclusions of law are not binding on this Court but are subject to review to ascertain whether the circuit court correctly applied the law to the facts. Id.

As previously stated, Green alleges a violation of his right to effective assistance of counsel as guaranteed by

4

the Sixth Amendment and made applicable to the states under the Fourteenth Amendment. In order to establish ineffective assistance of counsel, Green must prove that his trial counsel's "performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Green must also show that "the deficient performance prejudiced the defense," that is to say "counsel's errors were so serious as to deprive the defendant of a fair trial[.]" Id. Unless Green establishes both prongs of this two-part test, his claim of ineffective assistance of counsel will fail. Id.

To satisfy the first prong of the Strickland test, Green "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In order to do so, he must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. Then, we must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

The alleged deficient performance in this case is the failure of Green's trial counsel to object to Instruction

No. 10.  That instruction, as admitted by the Commonwealth and Green's trial counsel, was an erroneous statement of law.  The particular sentence at issue violated a basic procedural safeguard required by the Due Process Clause, i.e., that the prosecution prove beyond a reasonable doubt every element of the charged offense.  See Sullivan v. Louisiana, 508 U.S. 275, 277-78 (1993); In re Winship, 397 U.S. 358, 363 (1970); Dobson v. Commonwealth, 260 Va. 71, 74, 531 S.E.2d 569, 571 (2000); Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983).  That safeguard is a firmly established component of our criminal justice system.  See Sullivan, 508 U.S. at 278 (citing Winship, 397 U.S. at 364) (noting that the beyond-a-reasonable-doubt standard is followed by virtually all common law jurisdictions).  Since Instruction No. 10, without question, violated Green's due process rights, any reasonably competent attorney would have known that it was incumbent upon him or her to object to the instruction. See Stokes, 226 Va. at 118, 306 S.E.2d at 885; see also Gray v. Lynn, 6 F.3d 265, 269 (5th Cir. 1993).  Thus, we conclude that the performance of Green's trial counsel "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

6

Of course, that determination does not necessarily mean that Green is entitled to habeas relief. He must also establish that his counsel's deficient performance prejudiced his defense. To demonstrate prejudice, Green "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In this particular case, our prejudice analysis must be guided by the Supreme Court's decision in Sullivan v. Louisiana.

In that case, which was an appeal of a state court judgment of conviction, the question was "whether a constitutionally deficient reasonable-doubt instruction may be harmless error." 508 U.S. at 276. In addressing that question, the Court first noted "that the Fifth Amendment requirement of proof beyond a reasonable doubt and the Sixth Amendment requirement of a jury verdict are interrelated[,]" meaning that "the jury verdict required by the Sixth Amendment is a jury verdict of guilty beyond a reasonable doubt." Id. at 278. Such a verdict was not returned in Sullivan because the trial judge's jury instruction defining the term "reasonable doubt" was unconstitutional. Id. Consequently, the Court concluded that the instruction could not be harmless error. Id. at

280. The Court's explanation for that conclusion is important to our analysis here:

> Harmless-error review . . . is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error. That must be so, because to hypothesize a guilty verdict that was never in fact rendere-no matter how inescapable the findings to support that verdict might be-would violate the jury-trial guarantee.

> * * *

> There being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the same verdict of guilty-beyond-a-reasonable-doubt would have been rendered absent the constitutional error is utterly meaningless. There is no object, so to speak, upon which harmless-error scrutiny can operate. The most an appellate court can conclude is that a jury would surely have found petitioner guilty beyond a reasonable doubt-not that the jury's actual finding of guilty beyond a reasonable doubt would surely not have been different absent the constitutional error. That is not enough.

Id. at 279-80.

As we have already pointed out, Instruction No. 10 contained an incorrect statement of law-a statement that violated the Due Process Clause. While we recognize that the last sentence of the instruction correctly told the jury to find Green not guilty if the Commonwealth failed to prove beyond a reasonable doubt each of the elements of first-degree felony murder, the fact remains that the jury received inconsistent directions with regard to that

8

offense.  " '[J]uries are presumed to follow their instructions.' "  Zafiro v. United States, 506 U.S. 534, 540 (1993) (quoting Richardson v. Marsh, 481 U.S. 200, 211 (1987)); see also Strickland, 466 U.S. at 695 ("assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision").  But, the jury in this case could not have followed Instruction No. 10 in its entirety because of the internal inconsistency.  Although the circuit court believed that the jury would have recognized that there was a mistake in the instruction, we conclude that it would be pure speculation to assume that the jury ignored the misstatement of law in Instruction No. 10 but followed the correct one.  See Sullivan, 508 U.S. at 281 (misdescription of burden of proof vitiated jury's finding, thus reviewing court would be engaging in speculation to determine what a jury would have done).

Since the jury in this case could have found Green guilty of first-degree felony murder without finding that the Commonwealth had proved the elements of that offense beyond a reasonable doubt, we have the same situation here as the Supreme Court dealt with in Sullivan, the absence of a verdict of guilty-beyond-a-reasonable-doubt.  Without

9

such a verdict, there was no "object" in <u>Sullivan</u> upon which to apply a harmless error analysis, and the absence of that verdict in this case leaves us with no "result" upon which to apply a prejudice analysis.  In other words, we cannot determine whether, but for counsel's deficient performance, the result of the proceeding would have been different because there was no "result," i.e., no verdict of guilty-beyond-a-reasonable-doubt.  Accordingly, we conclude that Green has demonstrated his trial counsel's error was so serious as to deprive him of a fair trial.[2] See <u>Strickland</u>, 466 U.S. at 687.

---

[2] In <u>Henderson v. Kibbe</u>, 431 U.S. 145, 154 (1977), the Supreme Court of the United States held that the "burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal."  <u>Id.</u>  The question there was whether a trial judge's failure to instruct on the issue of causation was constitutional error requiring habeas corpus relief. <u>Id.</u> at 147.  The Court framed the relevant test as " 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' . . . not merely whether 'the instruction is undesirable, erroneous, or even "universally condemned." ' "  <u>Id.</u> at 154 (quoting <u>Cupp v. Naughten</u>, 414 U.S. 141, 147 (1973)); <u>see also</u>, <u>United States v. Frady</u>, 456 U.S. 152, 169 (1982).  Unlike the present case, <u>Henderson</u> did not involve a claim of ineffective assistance of counsel.  Nevertheless, Instruction No. 10 "so infected" the trial that we cannot be confident that the jury found Green guilty beyond a reasonable doubt of first-degree felony murder.  Thus, Green's conviction violated the Due Process Clause.

Even if we treat the jury's verdict in this case as a "result" to which the Strickland prejudice analysis can be applied, we reach the same conclusion.  The right to a jury verdict of guilty-beyond-a-reasonable-doubt is a " 'basic protectio[n]' whose precise effects are unmeasurable, but without which a criminal trial cannot reliably serve its function."  Sullivan, 508 U.S. at 281 (quoting Rose v. Clark, 478 U.S. 570, 577 (1986)).  "The right to trial by jury reflects . . . 'a profound judgment about the way in which law should be enforced and justice administered.' " Id. (quoting Duncan v. Louisiana, 391 U.S. 145, 155 (1968)).

When, as here, a jury is not properly instructed about its responsibility to find a defendant not guilty if the prosecution fails to prove the elements of the offense beyond a reasonable doubt, there is a reasonable probability, sufficient to undermine our confidence in the outcome, that, but for trial counsel's failure to object to the erroneous instruction, the result of the trial would have been different.  See Strickland, 466 U.S. at 694-95. Thus, Green has demonstrated prejudice to his defense as a result of his counsel's deficient performance.  In our opinion, there can be no doubt that deprivation of the right to a verdict of guilty-beyond-a-reasonable-doubt is

11

prejudicial and has "consequences that are necessarily unquantifiable and indeterminate." Sullivan, 508 U.S. at 282.

We are not persuaded otherwise by the Commonwealth's argument that the error did not occur in a vacuum because the jury was told during voir dire, opening statements, closing arguments, and in other instructions that the Commonwealth must prove Green's guilt beyond a reasonable doubt. We note that those other instructions primarily defined the elements of the additional charges for which Green was standing trial and that the jury, with proper instructions, found Green not guilty of the two malicious wounding charges and the two related firearm offenses. Instruction No. 10 was the only instruction that addressed the elements of first-degree felony murder. Just as the jury instruction in Sullivan was a "structural defect[] in the constitution of the trial mechanism," the instruction in this case also qualifies as a "structural error." Sullivan, 508 U.S. at 281-82.

### III. CONCLUSION

For these reasons, we will reverse the judgment appealed from, set aside Green's convictions for felony first-degree murder and the use of a firearm in the commission of that felony, and remand the case to the

12

circuit court with directions to issue the writ of habeas corpus and require that Green be returned to the custody of said court to be tried on the indictments at issue.

Reversed and remanded.