**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 3rd day of March, 2005.

Christopher Scott Emmett,                                    Petitioner,

  against     Record No. 031201

Warden of the Sussex I
 State Prison,                                    Respondent.

Upon a Petition for Writ of Habeas Corpus
Upon a Rehearing

In a petition for writ of habeas corpus, the petitioner, Christopher Scott Emmett, claimed, among other things, that he was denied effective assistance of counsel in his capital murder trial because his trial counsel failed to object to a penalty phase verdict form.[1]  Relying on this Court's decision in Atkins v. Commonwealth, 257 Va. 160, 510 S.E.2d 445 (1999), Emmett asserted that the verdict form was incomplete because it did not include an option requiring a sentence of life imprisonment upon a finding that the Commonwealth had proven neither the "future dangerousness" nor the "vileness" aggravating factor.  Applying the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), we concluded, in an order dated June 4, 2004, that trial counsel's performance was deficient by failing to object to an incomplete verdict form but that Emmett suffered no prejudice because the jury found that the

_____

[1] This Court previously affirmed Emmett's convictions for robbery and capital murder and upheld the sentence of death.  Emmett v. Commonwealth, 264 Va. 364, 569 S.E.2d 39

Commonwealth had proven both aggravating factors beyond a reasonable doubt.[2] Thus, the jury would not have had any occasion to consider imposing the mandatory sentence of life when neither aggravating factor was established. We subsequently granted a petition to rehear filed by the respondent, Warden of the Sussex I State Prison (Warden), on the question whether trial counsel's performance was deficient.[3]

At issue in Emmett's habeas petition and in this rehearing is the following penalty phase verdict form provided to the jury:

VERDICT FORM

(The foreperson should initial the line for each finding made unanimously by the jury.)

(1)  We, the jury, on the issue joined, having found the defendant guilty of capital murder in the commission of robbery of John Fenton Langley and

___ a) find beyond a reasonable doubt that after consideration of his prior history that there is a probability that he would commit criminal acts of violence that would constitute a continuing serious threat to society;

and/or

b) find beyond a reasonable doubt that his conduct in committing the offense is outrageously and wantonly vile, horrible or inhuman in that it involved

_____

(2002), cert. denied, 538 U.S. 929 (2003).

[2] The June 4, 2004 order also disposed of Emmett's other claims and dismissed his petition for writ of habeas corpus.

[3] The order granting the Warden's petition for rehearing stated that the judgment rendered on June 4, 2004 was "set aside."

2

_____ 1)  depravity of mind;

and/or

_____ 2)  aggravated battery to the victim

and having considered the evidence in mitigation of the offense, unanimously fix his punishment at death.

    Signed_____, foreperson

or

(2)  We, the jury, on the issue joined, having found the defendant guilty of capital murder in the commission of robbery of John Fenton Langley and

_____     a) find beyond a reasonable doubt that after consideration of his prior history that there is a probability that he would commit criminal acts of violence that would constitute a continuing serious threat to society;

and/or

     b) find beyond a reasonable doubt that his conduct in committing the offense is outrageously or wantonly vile, horrible or inhuman in that it involved

_____     1)  depravity of mind;

and/or

_____     2)  aggravated battery to the victim

and believe from all the evidence, including the evidence in mitigation, that the death penalty is not justified, fix his punishment at:

_____     a) imprisonment for life;

or

_____     b) imprisonment for life and a fine of _____, an amount not to exceed $100,000.00.

    Signed _____, foreperson

The Warden argues that this verdict form paralleled the trial court's sentencing instructions[4] and provided a "simple decisional tree" allowing the imposition of either a life sentence or a death sentence if the jury found one or both aggravating factors but leaving only the option of a

---

[4] The trial court instructed the jury that the Commonwealth had to prove at least one of the aggravating factors beyond a reasonable doubt before a sentence of death could be imposed for Emmett's conviction of capital murder. The court further instructed the jury about its sentencing options:

> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt both of these circumstances, then you may fix the punishment of the defendant at death. But if you nevertheless believe from all the evidence, including evidence in mitigation, that the death penalty is not justified, then you shall fix the punishment of the defendant at:
>     (1)  Imprisonment for life; or
>     (2)  Imprisonment for life and a fine
>
> . . .
>
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt either of these circumstances, then you may fix the punishment of the defendant at death. But if you believe from all the evidence, including evidence in mitigation, that the death penalty is not justified, then you shall fix the punishment of the defendant at:
>
>     (1)  Imprisonment for life; or
>     (2)  Imprisonment for life and a fine
>
> . . .
>
> If the Commonwealth has failed to prove beyond a reasonable doubt at least one of these circumstances, then you shall fix the punishment of the defendant at:
>
>     (1)  Imprisonment for life; or
>     (2)  Imprisonment for life and a fine
> . . .

4

life sentence with or without a fine if the jury found neither aggravating factor. According to the Warden, the verdict form followed the format of the statutory verdict form set out in Code § 19.2-264.4(D). Thus, argues the Warden, Emmett's trial counsel could not have been ineffective for failing to object to a verdict form that this Court had previously upheld when challenged in Roach v. Commonwealth, 251 Va. 324, 336, 468 S.E.2d 98, 105, cert. denied, 519 U.S. 951 (1996); Stewart v. Commonwealth, 245 Va. 222, 244-45, 427 S.E.2d 394, 408-09, cert. denied, 510 U.S. 848 (1993); and Mueller v. Commonwealth, 244 Va. 386, 412-13, 422 S.E.2d 380, 396-97 (1992), cert. denied, 507 U.S. 1043 (1993).[5]

By comparing the verdict form used in Atkins with the one given to the jury in Emmett's sentencing proceeding, it is evident that both verdict forms omitted the provisions required by Code § 19.2-264.4(D)(2).[6] Contrary to the

---

[5] The Warden also argues that this Court ignored this binding precedent upholding use of the statutory verdict form when we decided Powell v. Commonwealth, 261 Va. 512, 552 S.E.2d 344 (2001). However, the omission in the verdict form in Powell was different than the one at issue in the present case. Thus, the Warden's arguments as to our decision in Powell are not pertinent, and we do not address them.

[6] The sentencing option required by the version of Code § 19.2-264.4(D)(2) in effect during Atkins' trial provided:

"We, the jury, on the issue joined, having found the defendant guilty of (here set out statutory language of the offense charged) and having considered all of the evidence in aggravation and mitigation of such offense, fix his punishment at imprisonment for life.

Warden's argument, Emmett's verdict form cannot be read otherwise. Thus, as in <u>Atkins</u>, the verdict form used in Emmett's sentencing proceeding, as a whole, was incomplete.

Since we decided <u>Atkins</u> more than two years before the commencement of Emmett's trial and since the verdict form used in Emmett's sentencing proceeding had the same omission as the verdict form at issue in <u>Atkins</u>, we conclude that the representation provided to Emmett by his trial counsel "fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 687. Reasonably competent counsel would have objected to a verdict form that did not comport with the holding in <u>Atkins</u> and the requirements of Code § 19.2-264.4(D)(2). <u>See</u> <u>Green v. Warden</u>, 264 Va. 604, 609, 571 S.E.2d 135, 138 (2002). Thus, Emmett has satisfied the "performance prong" of the two-part test set forth in <u>Strickland</u>.

That conclusion does not end the inquiry. To prevail on a claim of ineffective assistance of counsel, Emmett must

_____

    Signed_____foreman"

Code § 19.2-264.4(D)(2) (1995 & Supp. 1997).

    Atkins submitted "a proper verdict form" under Code § 19.2-264.4(D), but the trial court refused to give it to the jury. <u>Atkins</u>, 257 Va. at 178, 257 S.E.2d at 456. That form included the provisions of Code § 19.2-264(D)(2).

    In 2003, after this Court's decision in <u>Powell</u>, the General Assembly amended Code § 19.2-264.4(D)(2) to add the option of a life sentence and a monetary fine. Acts 2003, chs. 1031 and 1040. Even though the amendment occurred after Emmett's trial, the verdict form used in his sentencing proceeding included this option, which was consistent with the provisions of Code § 18.2-10 (monetary

6

also show that the "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. To satisfy the "prejudice prong" of the Strickland two-part test, Emmett "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Emmett, however, argues that the omission in the verdict form at issue is a "structural error" and thus not subject to the Strickland prejudice analysis.[7] As the Supreme Court of the United States has explained, a structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." Arizona v. Fulminante, 499 U.S. 279, 310 (1991); accord Neder v. United States, 527 U.S. 1, 8 (1999); Johnson v. United States, 520 U.S. 461, 466–67 (1997). Such errors "infect the entire trial process," thereby requiring "automatic reversal of [a] conviction." Brecht v. Abrahamson, 507 U.S. 619, 629–30 (1993). They "necessarily render a trial fundamentally unfair." Rose v. Clark, 478 U.S. 570, 577 (1986).

"If [a] defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless-error analysis." Id. at 579; accord Neder, 527 U.S. at 8. Thus, the Supreme Court has found an error to be

---

limits of fine for conviction of felony).
     [7] We did not decide in Atkins whether the omission in the verdict form was subject to a harmless-error analysis.

7

"structural" and not subject to harmless-error analysis in a "very limited class of cases." Johnson, 520 U.S. at 468; accord Neder, 527 U.S. at 8. See, e.g., Sullivan v. Louisiana, 508 U.S. 275, 281-82 (1993) (constitutionally deficient reasonable-doubt instruction to jury); Vasquez v. Hillery, 474 U.S. 254, 263-64 (1986) (systematic exclusion of grand jurors who were of defendant's race); Waller v. Georgia, 467 U.S. 39 (1984) (denial of the right to a public trial); McKaskle v. Wiggins, 465 U.S. 168, 177 n.8 (1984) (infringing the right of self-representation during trial); Holloway v. Arkansas, 435 U.S. 475, 490-91 (1978) (improperly requiring counsel to represent co-defendants despite timely objection stating conflict of interest); Gideon v. Wainwright, 372 U.S. 335, 342 (1963) (denial of the right to counsel in criminal cases); Tumey v. Ohio, 273 U.S. 510, 535 (1927) (denial of right to have an impartial trial judge).

Similarly, we have found structural error in a narrow class of cases. For example, in a petition for writ of habeas corpus asserting a claim of ineffective assistance of counsel, we held that a jury instruction stating that the jury shall find the defendant guilty if the Commonwealth failed to prove each of the elements of the offense beyond a reasonable doubt was not subject to the Strickland prejudice analysis. Green, 264 Va. at 611-12, 571 S.E.2d at 140; see also Strickland, 466 U.S. at 692 (prejudice is presumed in certain Sixth Amendment contexts such as actual or

8

constructive denial of assistance of counsel altogether).

Because of the constitutionally erroneous jury instruction,

we could not "determine whether, but for counsel's deficient

performance, the result of the proceeding would have been

different because there was no 'result,' i.e., no verdict of

guilty-beyond-a-reasonable-doubt."  Green, 264 Va. at 611,

571 S.E.2d at 140.

In contrast, the Supreme Court has applied the

harmless-error analysis to a broad range of constitutional

errors.  See, e.g., Mitchell v. Esparza, 540 U.S. 12, 16-17

(2003) (trial court failed to instruct on all of the

statutory elements of a capital murder offense); Brecht v.

Abrahamson, 507 U.S. 619, 638 (1993) (use for impeachment

purposes of a defendant's post-arrest silence after

receiving Miranda warnings); Clemons v. Mississippi, 494

U.S. 738, 752-54 (1990) (unconstitutionally vague jury

instruction regarding an aggravating factor in the

sentencing phase of a capital murder case); Carella v.

California, 491 U.S. 263, 266-67 (1989) (jury instruction

contained conclusive presumptions as to the elements of the

charged crime); Satterwhite v. Texas, 486 U.S. 249, 258

(1988) (admission of psychiatric testimony at the sentencing

phase of a capital murder case in violation of the Sixth

Amendment right to counsel); Pope v. Illinois, 481 U.S. 497,

501-04 (1987) (element of the offense misstated in a jury

instruction); Rose v. Clark, 478 U.S. 570, 579-80 (1986)

(jury instruction impermissibly shifted the burden of proof

to the defendant on the issue of malice); Crane v. Kentucky, 476 U.S. 683, 691 (1986) (erroneous exclusion of the defendant's testimony as to the circumstances surrounding his confession); Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986) (restricted the defendant's right to cross-examine a witness to show bias in violation of the Sixth Amendment Confrontation Clause); Rushen v. Spain, 464 U.S. 114, 117 (1983) (denial of a defendant's right to be present during a juror's communication with the trial judge); United States v. Hasting, 461 U.S. 499, 505 (1983) (prosecutor's improper comment on the defendant's failure to testify at trial in violation of the Fifth Amendment privilege against self-incrimination); Hopper v. Evans, 456 U.S. 605, 613-14 (1982) (statute improperly precluded jury instruction on lesser-included offense in a capital murder case); Kentucky v. Whorton, 441 U.S. 786, 789-90 (1979) (trial court failed to instruct the jury on presumption of innocence); Moore v. Illinois, 434 U.S. 220, 232 (1977) (admission of corporeal identification evidence in violation of the Sixth Amendment right to counsel); Brown v. United States, 411 U.S. 223, 231-32 (1973) (admission of co-defendant's out-of-court statement in violation of the Sixth Amendment right to counsel); Milton v. Wainwright, 407 U.S. 371, 372 (1972) (admission of defendant's confession obtained by an undercover police officer in violation of Massiah v. United States, 377 U.S. 201 (1964)); Chambers v. Maroney, 399 U.S. 42, 52-53 (1970) (admission of evidence obtained in

violation of the Fourth Amendment); Coleman v. Alabama, 399

U.S. 1, 10-11 (1970) (denial of the assistance of counsel at

a preliminary hearing in violation of the Sixth Amendment).[8]

The decision in Neder is especially instructive in

explaining what constitutes a structural error.  The trial

error at issue there was a jury instruction that omitted an

element of the charged offense.  527 U.S. at 8.  The Supreme

Court found that, "[u]nlike such defects as the complete

deprivation of counsel or trial before a biased judge, an

instruction that omits an element of the offense does not

necessarily render a criminal trial fundamentally unfair or

an unreliable vehicle for determining guilt or innocence."

Id. at 9.  The Supreme Court further explained that its

holding was consistent with its decision in Sullivan v.

Louisiana.  Id. at 10.  The trial court in Sullivan gave the

jury a defective "reasonable doubt" instruction that

---

[8] This Court has likewise applied the harmless-error
analysis to a broad range of constitutional errors.  See,
e.g., Dearing v. Commonwealth, 260 Va. 671, 674, 536 S.E.2d
903, 904 (2000) (admission of co-defendant's statement to
police); Lilly v. Commonwealth, 258 Va. 548, 551, 523 S.E.2d
208, 209 (1999) (admission of confession by accomplice who
refused to testify at trial in violation of defendant's
Sixth Amendment right to confront a witness); Jenkins v.
Commonwealth, 254 Va. 333, 336, 492 S.E.2d 131, 132 (1997)
(admission of expert opinion concerning an ultimate fact at
issue); Hewitt v. Commonwealth, 226 Va. 621, 622-23, 311
S.E.2d 112, 113-14 (1984) (denial of defendant's right to
cross-examine a witness for bias in violation of defendant's
right to confront his accuser); Yager v. Commonwealth, 220
Va. 608, 614, 260 S.E.2d 251, 255 (1979) (failure to
instruct the jury regarding the presumption of innocence);
Reid v. Commonwealth, 213 Va. 790, 795-96, 195 S.E.2d 866,
870-71 (1973) (admission of defendant's silence in violation
of his right to remain silent); Cardwell v. Commonwealth,
209 Va. 412, 416, 164 S.E.2d 699, 703 (1968) (admission of
defendant's statement in violation of Miranda v. Arizona,

11

violated the defendant's Fifth and Sixth Amendment rights to have the charged offense proven beyond a reasonable doubt. 508 U.S. at 277–78. The error was not subject to harmless-error analysis because it " 'vitiate[d] all the jury's findings.' " Id. at 281. In contrast, the jury instruction error at issue in Neder did not " 'vitiate all the jury's findings.' " Neder, 527 U.S. at 11 (quoting Sullivan, 508 U.S. at 281). The same rationale applies to the omission in the verdict form at issue in this case. It did not "vitiate all the jury's findings," Sullivan, 508 U.S. at 281, specifically the findings that the Commonwealth had proven both aggravating factors beyond a reasonable doubt.

Thus, the omission in the verdict form at issue was not a structural error. Accordingly, the well-established prejudice analysis set forth in Strickland is applicable to Emmett's claim. Applying that analysis, we once again conclude that Emmett has failed to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Because the jury found that the Commonwealth had proven both aggravating factors beyond a reasonable doubt, it had no reason or occasion to consider the option of a life sentence with or without a fine mandated when the Commonwealth proves neither aggravating factor.

For these reasons, we reinstate our order dated June 4,

_____

384 U.S. 436 (1966)).

2004, and dismiss Emmett's petition for writ of habeas corpus.

_____

JUSTICE KOONTZ, dissenting.

I respectfully dissent from the majority's holding with respect to petitioner's claim (I)(C) of his petition for a writ of habeas corpus.  Following our rehearing in this case, the majority correctly concludes that petitioner's trial counsel was ineffective for failing to object to the incomplete verdict forms given to the jury at the penalty determination phase of petitioner's capital murder trial.  As a result, "[t]he jury was presented with a confusing situation in which the trial court's instructions and the form the jury was given to use in discharging its obligations were in conflict."  Atkins v. Commonwealth, 257 Va. 160, 179, 510 S.E.2d 445, 457 (1999).  In Atkins, we set aside the sentence of death imposed by the jury and remanded the case to the trial court for a new penalty proceeding. Id.  In my view, the same result should obtain in the present case.

Applying the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), the majority holds that petitioner has failed to demonstrate prejudice under the circumstances of this case because there is not a reasonable probability that, but for counsel's error, the result of the proceeding would have

13

been different.  The thrust of the majority's reasoning to support this holding is that because the jury found "both aggravating factors beyond a reasonable doubt, it had no reason or occasion to consider the option of a life sentence with or without a fine mandated when the Commonwealth proves neither aggravating factor."

"[I]t is materially vital to the defendant in a criminal case that the jury have a proper verdict form." Atkins, 257 Va. at 178, 510 S.E.2d at 456.  The prejudice which the majority finds lacking in the present case occurred the moment that petitioner's jury was permitted to determine whether a sentence of death or life would be imposed under circumstances we have condemned in Atkins.

While it may not be reasonable to require a perfect trial in all cases, a death case is materially different from all other criminal cases.  Surely, the government does not afford an accused a fair trial when his counsel is ineffective and the jury is permitted to impose a sentence of death in a situation where the verdict forms are incomplete.

For these reasons, I would vacate petitioner's sentence of death and remand the case to the trial court for a new sentencing hearing.[*]

---

[*]Because I would conclude that petitioner was actually

14

This order shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia Leas Harrington, Clerk

---

prejudiced by his counsel's deficient performance under the more exacting standard of <u>Strickland</u>, I express no opinion on whether the failure to provide the jury with complete verdict forms was also a "structural error" for which prejudice would be presumed.